**John PADBERG, Clifford Paolillo, Libardo Uribe, Ionannis Sklavounakis and Joseph Gerard, Plaintiffs–Appellants,**

**456**

Rashid Ahmed, Plaintiff,

v.

Rudolph W. GIULIANI, Joseph McKay, Matthew Daus, Harry Rubinstein, Elliot Sander, Harvey Giannoulis, Marvin Greenberg, Ramona Whaley and New York City Taxi & Limousine Commission, Defendants–Appellees.

No. 07–1452–cv.

United States Court of Appeals, Second Circuit. .

Oct. 7, 2008.

Daniel Ackman, New York, N.Y., for Plaintiffs–Appellants.

Michael A. Cardozo (Pamela Seider Dolgow, Paula Van Meter, Susan Choi–Hausman on the brief), Corporation Counsel of the City of New York, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Plaintiffs–Appellants John Padberg and a class of New York City taxicab drivers (collectively, "Appellants") appeal the judgment of the United States District Court for the Eastern District of New York (Gold, *M.J.*) denying their motion that Defendants–Appellees the New York City Taxi & Limousine Commission and several associated individuals (collectively, "Appellees") be ordered to pay postjudgment interest on a court-approved settlement. Appellants contend that the District Court erred in (1) finding that postjudgment interest under 28 U.S.C. § 1961(a) does not apply to court-approved settlements, and (2) holding that even if postjudgment interest did apply to court-approved settlements, it was inappropriate in this case because the judgment was not ascertained in a meaningful way. We assume familiarity with the facts of the case, the procedural history, and the scope of the issues on appeal. Reviewing the case *de novo*, *West-*

*inghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 100 (2d Cir.2004), we affirm.

We agree with the District Court that post-judgment interest would be inappropriate in this case because the judgment was not adequately ascertained. Accordingly, we need not reach the broader issue of whether the federal postjudgment interest statute, 28 U.S.C. § 1961(a) applies to court-approved settlements. The Supreme Court has instructed that under 28 U.S.C. § 1961(a), postjudgment interest commences from the date a judgment is "ascertained in a meaningful way." *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835–36, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) ("[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.") (internal quotation marks and citation omitted); *accord Goodrich Corp. v. Town of Middlebury,* 311 F.3d 154, 178 (2d Cir. 2002), *cert. denied,* 539 U.S. 937, 123 S.Ct. 2577, 156 L.Ed.2d 621 (2003).

Appellants request postjudgment interest starting from August 1, 2006, the date that Judge Dearie approved and ordered the parties' settlement agreement.[1] They argue that on this date the judgment was "ascertained in a meaningful way" because there was a mathematical formula by which each member of the class would be compensated for his suspended days and, if applicable, for having his license revoked.[2] Pursuant to the parties' settlement, however, each class member had to turn in a notarized form and otherwise verify his identification and the calculation of the amount of his damages before Appellees were required to pay. Even after the settlement agreement was so-ordered, uncertainty existed in some respect as to: (1) the number of claimants in the class; (2) the amount of time for which each claimant was suspended; (3) the amount of fines paid by each claimant subject to reimbursement; and (4) the amount of outstanding fines and liens owed by each claimant which would be used to offset their entitlement. Indeed, any disputes regarding these issues were subject to court resolution. These facts, which control both when Appellees were obligated to pay and how much Appellees would have to pay, preclude a finding that postjudgment interest should have started to accrue from the date the settlement was approved. We, therefore, find that the damages on August 1, 2002, were not "ascertained in a meaningful way." *See, e.g., Andrulonis v. U.S.,* 26 F.3d 1224, 1234 (2d Cir.1994) (reasoning that postjudgment interest could not attach to an award that a third-party defendant had to pay to the defendant until the latter had actually paid his pro rata share of the primary judgment because "the underlying right to contribution is necessarily conditioned upon the defendant's satisfaction of the primary judgment"); *In re Ivan F. Boesky Secs. Litig.,* 913 F.Supp. 256, 260 (S.D.N.Y.1996) (holding that postjudgment interest under 28 U.S.C. § 1961(a) was inapplicable because there were several conditions precedent to payment that had not been met).

---

1. More specifically, Appellants argue that Appellees should be required to pay post-judgment interest on the suspension claims from July 19, 2002, the date Judge Dearie granted Appellants summary judgment as to the suspension issue, and postjudgment interest on the revocation claims from August 1, 2006, the date Judge Dearie approved and ordered the settlement.

2. This formula for damages was not in place until August 1, 2006. Consequently, any argument that Appellants should be compensated starting from July 19, 2002, when the District Court granted their motion for summary judgment as to the suspension claims, is unpersuasive.

If we were to find that interest could accrue before class members turned in their forms, it would be the equivalent of allowing Appellants to treat Appellees like a bank and refrain from turning in their forms in order to accumulate interest. Furthermore, as we cautioned against in *Andrulonis,* such a finding would obligate defendants to pay interest on their settlement payments before such payments were even due. *Andrulonis,* 26 F.3d at 1235.

We have considered all of Appellants arguments and find them to be without merit.

Accordingly, the judgment of the District Court is AFFIRMED.